IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TERRI BARNHART,**

    Petitioner,

                                  Civil Action 2:19-cv-4275
                                  Judge Michael H. Watson
    v.                             Chief Magistrate Judge Elizabeth P. Deavers

**MICHAEL L. HORN,**

    Respondent

## OPINION AND ORDER

The United States Postal Service ("USPS") moves to quash the subpoena issued by the Court of Common Pleas, Harrison County, Ohio, in Case No. CVH20190012, *Terri Barnhart v. Michael Horn*. USPS's motion was initially filed in the state court case and was later removed to this Court. (ECF No. 1.) This matter is before the Court for consideration of the Motion to Quash filed by USPS (ECF No. 2), Petitioner Terri Barnhart's Response in Opposition (ECF No. 9), and USPS's Reply (ECF No. 10). For the reasons that follow, the Motion to Quash (ECF No. 2) is **GRANTED**.

**I.**

Petitioner issued a subpoena to USPS on July 30, 2019, for Postmaster of the Hopedale Post Office, Jovonne Taylor, to testify at the Harrison County Court of Common Pleas on August 7, 2019. (ECF No. 2 at 2.) This subpoena was served on the Postmaster in her official capacity as an employee of the USPS. This matter arises out of litigation to which the United States is not a party. According to Petitioner, the Postmaster would testify "in regards to her

direct knowledge regarding Respondent's attempt to interfere with the delivery of Petitioner's mail by Respondent furnishing false information to [the Postmaster]. This testimony is relevant to the Petition for a Civil Stalking Protection Order . . . ." (Mot. to Compel, ECF No. 4.) On or about July 31, 2020, USPS advised Petitioner that, under the applicable *Touhy* regulations, the Postmaster was unable to comply with the subpoena. (*Id.*) In lieu of the live testimony, USPS provided Petitioner with a copy of a signed Declaration prepared by the Postmaster on August 6, 2019. (*Id.*) On August 8, 2019, USPS mailed Petitioner the original Declaration. (*Id.*)

Petitioner then filed a Motion to Compel in the state court on September 4, 2019, asserting that the Postmaster should be compelled to provide live testimony. (*Id.*) The Harrison County Court of Common Pleas convened an in-person hearing of counsel for Petitioner, Respondent, and USPS on September 24, 2019. (Notice of Removal, ¶ 7, ECF No. 1.) The state court elected instead to re-convene on September 30, 2019, with express, verbal admonitions that USPS's failure to make in-person appearance would result in an order of contempt and/or judgment in default upon the United States. (*Id.*) USPS then removed the issue to this Court pursuant to 28 U.S.C. § 1442(a)(1) and filed a Motion to Quash. (ECF Nos. 1–2.)

## II.

Federal agencies have discretion to restrict the testimony of employees and the production of agency documents through promulgated regulations. *Touhy v. Ragen*, 340 U.S. 462, 468–69 (1951). A federal statute, known as the "federal housekeeping statute," provides as follows:

> The head of an Executive department or military department may prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property. This section does not authorize withholding information from the public or limiting the availability of records to the public.

5 U.S.C. § 301. In accordance with the federal housekeeping statute, USPS has promulgated its own set of "*Touhy* regulations" regarding testimony and the production of documents in private litigation. *See* 39 C.F.R. §§ 265 *et seq.* Under the terms of the regulations, "[a] demand for testimony or records issued pursuant to the rules governing the legal proceeding in which the demand arises must: (i) [b]e in writing; (ii) . . . state the nature of the requested testimony, describe the relevance of the record or testimony to the proceeding, and why the information sought is unavailable by any other means; and (iii) . . . contain a summary of the requested testimony and a showing that no document could be provided in lieu of testimony." 39 C.F.R. § 265.12(c)(2).

An employee of USPS may not give testimony without prior authorization of the General Counsel of the Postal Service. 39 C.F.R. § 265.12(d)(2). In response to a demand for testimony or records, the General Counsel may allow the testimony or records if it would be appropriate under all applicable laws and regulations and if it would not be contrary to the interests of the United States. 39 C.F.R. § 265.12(d)(3)(i). If the General Counsel refuses to allow the testimony or production of records, a private litigant seeking the testimony or records may file a collateral action under the Administrative Procedures Act. *See* 5 U.S.C. §§ 701–706; *see also Smith v. Cromer*, 159 F.3d 875s, 881 (4th Cir. 1998) (noting that defendant's "remedy, if any, for the Justice Department's actions in the instant case may be found in the Administrative Procedures Act . . . which expressly limits such review authority to the federal courts").[1]

---

[1] "There is [ ] currently a circuit split with respect to the appropriate standard of review for determining whether a federal agency has properly refused to comply with a third party subpoena." *Solomon v. Nassau Cty*, 274 F.R.D. 455, 458 (E.D. N.Y. 2011). "Some circuits utilize the arbitrary and capricious standard set forth in Section 706 of the [APA], whereas others rely on standards set forth in Fed. R. Civ. P. 26 and 45, which federal courts typically apply in

Here, the General Counsel denied the request for testimony, determining that granting permission for the Postmaster to testify would not further the public interest and would place a substantial burden on USPS.  (ECF No. 2 at 3–4.)  USPS notes that "[a]uthorizing USPS testimony in cases such as this one – even if seemingly a minor burden on an individual basis – would result in substantial cumulative burden on the USPS's operations." (*Id.*)  After notifying Petitioner of this conclusion, USPS provided her with an original signed Declaration by the Postmaster that it believes can be used in lieu of testimony.  (*Id.* at 5.)

Petitioner does not contend that the *Touhy* regulation is not valid nor does she contend that the regulation is inapplicable.  Instead, she disagrees with the USPS's conclusions that the Postmaster's testimony in the underlying action would substantially burden the operations of the USPS and that it would not further the public interest. (ECF No. 9 at 3–6.)  She further asserts that, due to the subject matter of the underlying litigation, compliance with the subpoena would further the United States' interests in protecting the mail and preventing violence against women. (*Id.*)

Petitioner asserts that she did not agree to accept the Postmaster's Declaration in lieu of live testimony, nor did she ever revoke the subpoena during her discussions with USPS.  (*Id.* at 2.)  Accordingly, she maintains that the subpoena is valid and that this Court should "assent to the authority of Harrison County Court of Common Pleas to compel this subpoena." (*Id.* at 3.)

Despite Petitioner's disagreement with the conclusions of USPS's General Counsel in denying the request for live testimony and instead providing a signed Declaration by the Postmaster, USPS maintains that the underlying Court lacks jurisdiction to compel testimony from a federal employee or agency absent the federal agency's consent through the *Touhy*

---

analyzing non-party subpoenas." *Manzo v. Stanley Black & Decker, Inc.*, No. 13-cv-3963, 2017 WL 1194651, at *5 (E.D. N.Y. 2017).

4

regulations. (*Id.* at 4–6.) And because removal jurisdiction does not change the underlying law to be applied, USPS asserts that this Court is also without jurisdiction to compel such testimony. (ECF No. 10 at 5.)

### III.

Although there is limited case law in the Sixth Circuit, federal courts generally agree that sovereign immunity precludes a state court from enforcing a subpoena issued to a non-party federal-government agency. *See Ghorashi-Baiestani v. Baiestani*, No. 1:11-cv-295, 2012 WL 5205547, at *3 (E.D. Tenn. May 3, 2012) ("the state court is without jurisdiction to enforce its subpoenas or its show cause order against the federal [agency movants]") (citing *Touhy*, 340 U.S. at 468–69; *Commonwealth of Puerto Rico v. United States,* 490 F.3d 50, 61 n.6 (1st Cir. 2007); *Smith*, 159 F.3d at 879; *Kansas v. Call*, 961 F.2d 220 (table) 1992 WL 83536, at *2 (10th Cir. 1992); *State of La. v. Sparks*, 978 F.2d 226, 235 (5th Cir. 1992); *Swett v. Schenk*, 792 F.2d 1447, 1452 (9th Cir. 1986). "In *Touhy,* the Supreme Court [ ] held that subordinate federal officers could not be held in contempt for failing to comply with a court order in reliance on a validly promulgated regulation to the contrary." *Smith,* 159 F.3d at 879. Furthermore, sovereign immunity precludes a state court from exercising jurisdiction to compel a government employee to testify contrary to agency instructions. *See id.* ("Based upon the *Touhy* doctrine and principles of sovereign immunity, we conclude that the state court had no authority to enforce the subpoenas . . . .")

Here, USPS, through its General Counsel, declined to provide the requested live testimony, finding that it would be burdensome, would not further the interests of the United States, and that a signed Declaration by the Postmaster would suffice in lieu of testimony. Even though Petitioner disagrees with the General Counsel's findings, the *Touhy* regulations and the

5

general concept of sovereign immunity foreclose the ability of the Harrison County Common Pleas Court to compel live testimony from the Postmaster in this instance. Because the state court lacks jurisdiction to enforce such a subpoena, this Court upon removal also lacks such jurisdiction. *Smith*, 159 F.3d at 879 ("It is clear that a federal court's jurisdiction upon removal under 28 U.S.C. § 1442(a)(1) is derivative of the state court jurisdiction, and where the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though in a like suit originally brought in federal court, the court would have had jurisdiction.") (internal citation omitted).

This Court is without jurisdiction to enforce the state court subpoena directed to the Postmaster. Accordingly, the Motion to Quash (ECF No. 2) is **GRANTED**. The Clerk is **DIRECTED** to serve a copy of this Order on the Clerk of the Harrison County Court of Common Pleas and to close this matter.

**IT IS SO ORDERED.**

**Date: May 4, 2020**               /s/ *Elizabeth A. Preston Deavers*
**Elizabeth A. Preston Deavers**
**Chief United States Magistrate Judge**